UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL C. WORSHAM,

        Plaintiff,

v.                                         Case No: 6:18-cv-1692-LHP

TSS CONSULTING GROUP, LLC and
MARCOS I. TAVERAS,

        Defendants

---

**ORDER GRANTING SUMMARY JUDGMENT**

**I.    BACKGROUND**

Plaintiff Michael C. Worsham, a former attorney proceeding *pro se*, asserted numerous claims under the Telephone Consumer Protection Act ("TCPA"), and the Maryland Telephone Consumer Protection Act ("MD TCPA") against Defendants TSS Consulting Group, LLC ("TSS"), and Marcos I. Taveras, related to a multitude of unsolicited phone calls to Plaintiff's cellphone. Doc. No. 47. Following conclusion of Defendants' bankruptcy proceedings, the only claims that remained were those seeking injunctive relief under the TCPA. *See* Doc. Nos. 160-61, 165-66. Plaintiff ultimately moved for summary judgment on these claims (Doc. No. 221),

Defendants responded (Doc. No. 224), and Plaintiff filed an authorized reply (Doc. No. 228).

On March 28, 2023, the Court denied Plaintiff's motion for summary judgment in its entirety, finding that the motion was both procedurally and substantively deficient. Doc. No. 231. Among the procedural deficiencies, the Court found that Plaintiff flagrantly ignored a prior order directing that any summary judgment motion must be all inclusive, and shall not incorporate by reference any prior filings or materials, other than the third amended complaint and answers thereto. *Id.*, at 5, 10; *see also* Doc. No. 220, at 7. As to the substantive deficiencies, the Court found that Plaintiff failed to establish as a matter of law that Defendants could be held directly liable for any of the phone calls at issue, and failed to establish as a matter of law that Defendants could be held vicariously liable for the phone calls, under the theories of actual agency, apparent agency, or ratification. Doc. No 231, at 12-36.

After reviewing all of the evidence submitted, including the improperly incorporated materials, the Court also found that entry of summary judgment in favor of Defendants would be appropriate. *Id.*, at 36-39; *see also* Fed. R. Civ. P. 56(f). However, prior to taking such action, the Court directed Plaintiff to show cause in writing why the Court should not *sua sponte* enter summary judgment in favor of Defendants as to all remaining claims. Doc. No. 231, at 39-40. *See also Cleveland v.*

*Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) ("Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))); *First Mercury Ins. Co. v. First Fla. Bldg. Corp.*, No. 8:20-cv-1929-CEH-MRM, 2023 WL 23116 (M.D. Fla. Jan. 3, 2023) (granting summary judgment in favor of non-movant under Rule 56(f), but only after providing movant an opportunity to show cause why summary judgment should not be granted).

Plaintiff timely filed his response, (Doc. No. 232) and upon consideration of the arguments made by Plaintiff, the Court concludes that summary judgment is warranted in favor of Defendants as to all remaining claims in this case.

## II.   LEGAL STANDARD

The court may grant summary judgment *sua sponte* pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, which states:

> **(f) Judgment Independent of the Motion**. After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
>
> (2) grant the motion on grounds not raised by a party; or
>
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f).

Summary judgment may be granted *sua sponte* "only in those circumstances in which the dismissed claims have been fully developed in the evidentiary record and the non-moving party has received adequate notice." *Artistic Ent., Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003). In *Artistic Entertainment*, "the merits of the claims were fully briefed and evidence was accepted and considered in conjunction with the simultaneous motion to amend," which meant that "the district court had all the information necessary to rule on the legal issues." *Id.*

A grant of summary judgment is appropriate only when the court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must consider all the evidence in the light most favorable to the nonmoving party. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1184 (11th Cir. 2003). Issues of fact are "genuine" only if a reasonable jury, considering the evidence presented, could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. *Id.* at 248.

## III.   ANALYSIS

As discussed in detail in the Court's March 28, 2023 order denying summary judgment, the admissible evidence in this case is not in dispute, and the evidentiary record is complete. *See* Doc. No. 221, at 4; Doc. No. 231, at 37. And in his

response, Plaintiff does not argue otherwise. Doc. No. 232. Rather, Plaintiff spends the first six (6) pages of his response arguing that the Court did not consider all of Plaintiff's submitted evidence (in particular, various Requests for Admissions), did not properly account for the fact that the phone number that called Plaintiff's cellphone was a "spoofed" number, and did not properly credit Plaintiff's testimony in his affidavits and an affidavit from Telnyx, LLC. *Id.*, at 1-6. These arguments are unpersuasive.

First, despite Plaintiff's deliberate violation of the Court's June 28, 2022 Order (Doc. No. 220), the Court did, in fact, consider all of the evidence Plaintiff referenced, including the materials he incorporated from prior filings. *See* Doc. No. 231, at 27-36. Second, the Court did consider the fact that a "spoofed" phone number called Plaintiff, but noted the lack of any expert or other testimony on this point beyond Plaintiff's own speculation. *Id.*, at 34, n. 13. And third, the Court carefully considered the various affidavits submitted and found that the evidence – to the extent it was not inadmissible hearsay – simply was insufficient to conclusively tie Defendants to the phone calls at issue, was insufficient to establish that Defendants had any sort of agency relationship with either Murtaza Hussain or OneTen Communication such that vicarious liability could exist, and was insufficient to establish individual corporate officer liability as to Taveras. *Id.*, at 15-25, 33-35. Plaintiff's arguments with respect to the evidentiary record merely

rehash those previously made and considered, do not accurately state the rulings and analysis undertaken by the Court in the March 28, 2023 Order, and are without legal authority in support.  The Court therefore finds these arguments without merit.

Next, Plaintiff argues that the language of 47 U.S.C. § 227(c)(5) of the TCPA establishes that Defendants can be held liable regardless of whether an agency relationship exists between them and/or Murtaza Hussain or OneTen Communication.  Doc. No. 232, at 7-10.  Plaintiff points to the Third Amended Complaint,[1] and argues that he has sought relief under two separate private right of action provisions from the TCPA:   47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5). *Id.*, at 7-8.  Specifically, Plaintiff claims that Counts 2, 4, and 5 of his third amended complaint seek relief under § 227(c)(5), which the Court failed to address in ruling on summary judgment.  *Id.*, at 8.  And Plaintiff argues that the language of § 227(c)(5) provides for liability even where there is no agency relationship between the entities that made the calls and the parties being sued.  *Id.*  Not only is this argument confusing, but it also runs directly contrary to persuasive legal authority.

To begin, while Plaintiff does cite to § 227(c)(5) in his Third Amended Complaint, the citation is contained in one lone paragraph related to the claims still

---

[1] In his response, Plaintiff cites to his Second Amended Complaint, (Doc. No. 232, at 7), however the operative pleading is the Third Amended Complaint.  Doc. No. 47; *see also* Doc. No. 211.   The Court presumes this was a scrivener's error.

at issue (*i.e.*, injunctive relief), which merely states that both § 227(b)(3)(A) and § 227(c)(5)(A) "provide for injunctive relief to enjoin violations of the FCC's regulations prescribed under the TCPA."  Doc. No. 47, ¶ 105.  Plaintiff then asserts that he "requests injunctive relief prohibiting Defendants and all persons they control from calling Plaintiff and any person in the U.S. in violation of the TCPA. . . ."  *Id.*, ¶ 106.  Nowhere in his pleading does Plaintiff specifically tie *any* of his TCPA claims to § 227(c)(5)(A).  *See generally* Doc. No. 47.  Plaintiff did not provide any clarity in his summary judgment motion, and failed to identify at all which of his asserted claims formed the legal basis for the requested injunctive relief.  Doc. No. 221; *see also* Doc. No. 231, at 9-10.  It is only in response to the Court's Order to Show Cause that Plaintiff makes any attempt to clarify.

In any event, the language of the statutes Plaintiff references contradicts the very argument he makes.  There are two sections of the TCPA that provide a private right of action:  § 227(b)(3) and § 227(c)(5).  Section 227(b)(3) provides, in relevant part, that a person or entity may bring an action to seek actual damages, statutory damages, and/or injunctive relief based on any violation of § 227(b)(1), which prohibits any person from initiating any calls using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.  47 U.S.C. § 227(b)(3); *see also* 47 U.S.C. § 227(b)(1)(B).  Section 227(c)(5), on the other hand, provides a private right of action for violations of the

regulations pertaining to the National Do Not Call phone registry. Specifically, any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of [the regulations creating the National Do Not Call registry] may" file an action for injunctive relief, to recover actual damages, and/or to recover statutory damages. 47 U.S.C. § 227(c)(5). Plaintiff focuses on the "by or on behalf of" language of § 227(c)(5), and argues that this phrase creates automatic liability, regardless of whether an agency relationship exists. Doc. No. 232, at 9.

Plaintiff misinterprets this language. The phrase "by or on behalf of" by its very terms implicates an agency relationship and, in turn, vicarious liability. To that end, numerous courts throughout the United States have held that the plain language of § 227(c)(5) imposes vicarious liability. *See, e.g., Oparaji v. Home Retention Corp.*, No. 21 CV 2758 (ENV)(LB), 2022 WL 987560, at *10 (E.D.N.Y. Jan. 11, 2022), *report and recommendation adopted*, 2023 WL 2155764 (E.D.N.Y. Feb. 22, 2023) ("Section 227(c)(5) of the TCPA imposes liability for telephone 'calls made 'by or on behalf of' a person.' This language permits actions under a vicarious liability theory against persons or entities who did not directly place the solicitation call in question but requested that the call be made on their behalf. Liability under the TCPA may be established against a defendant where a plaintiff successfully alleges an agency relationship between defendant and the party placing the call." (first

quoting *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015), then citing *Bank v. Philips Elec. N. Am. Corp.*, No. 14-CV-5312(JG)(VMS), 2015 WL 1650926, at *3 (E.D.N.Y. Apr. 14, 2015))); *Khouri v. Nat'l Gen. Ins. Mktg., Inc.*, 501 F. Supp. 3d 353, 358 (M.D.N.C. 2020) ("'By its plain language, the TCPA's private right of action contemplates that a company can be held liable for calls made on its behalf, even if not placed by the company directly.'  In considering the 'on behalf of' language in [§ 227(c)(5) of] the TCPA, the court assumes normal agency principles apply, including vicarious liability." (quoting *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 659-60 (4th Cir. 2019))); *Scruggs v. CHW Grp., Inc.*, No. 2:20cv48, 2020 WL 9348208, at *8 (E.D. Va. Nov. 12, 2020) (citing 47 U.S.C. § 227(c)(5) and noting that "a defendant to such a claim may be liable under theories of direct or vicarious liability." (citations omitted)); *Roylance v. ALG Real Est. Servs., Inc.*, No. 5:14-cv-02445-PSG, 2015 WL 1522244, at *4 (N.D. Cal. Mar. 16, 2015), *report and recommendation adopted as modified*, 2015 WL 1544229 (N.D. Cal. Apr. 3, 2015) ("The FCC has 'repeatedly acknowledged the existence of vicarious liability under the TCPA' and 'has clarified that vicarious liability is imposed under federal common law principles of agency for violations of either Section 227(b) or (c) that are committed by third-party telemarketers.'" (quoting *Gomez v. Campbell–Ewald Co.*, 768 F.3d 871, 877–78 (9th Cir. 2014))).

In sum, the plain language of § 227(c)(5) clearly incorporates a theory of vicarious liability which, in turn, implicates common law principles of agency. The decisional authority cited above buttresses this point, and Plaintiff has provided no authority to the contrary.[2] Thus, the Court's failure to expressly cite to § 227(c)(5) in the March 28, 2023 summary judgment order does not change the fact that Plaintiff has failed to establish, as a matter of law, that Defendants may be

---

[2] The cases Plaintiff cites do not aide his cause. In *Worsham v. Nationwide Ins. Co.*, 772 A.2d 868, 877 (Md. 2001), a case involving Plaintiff, the state court of appeals found that summary judgment was inappropriate where there were fact issues as to whether the entity that placed telemarketer calls was either an agent of the defendant (which would create liability under the TCPA) or an independent contractor (which would not). Notably, Plaintiff argued in favor of vicarious liability in that case – a position opposite to that in this case. Plaintiff also points to a footnote in *Nationwide* that cites to a Georgia state appeals case, but the Georgia case similarly held that fact issues existed as to whether the defendant in that case could be held liable for the actions of the entity that actually made the phone calls under a theory of vicarious liability and/or respondeat superior. *See Hooters of Augusta, Inc. v. Nicholson*, 537 S.E.2d 468, 472 (Ga. 2000). And as previously discussed in detail, Plaintiff's evidentiary submissions in this case are insufficient as a matter of law to establish liability under those theories. Next, Plaintiff references *State ex rel. Charvat v. Frye*, 114 Ohio St. 3d 76, 2007-Ohio-2882, 868 N.E.2d 270, *Ewing v. California*, 538 U.S. 11, 27 (2003), and *State ex rel. Russo v. McDonnell*, 110 Ohio St. 3d 144, 2006-Ohio-3459, 852 N.E.2d 145, *abrogated by Barnes v. Univ. Hosps. of Cleveland*, 119 Ohio St. 3d 173, 2008-Ohio-3344, 893 N.E.2d 142, for the proposition that courts cannot add conditions to statutes, a proposition the Court has no quarrel with. To the contrary, the Court is merely applying the statute according to its plain terms. The remainder of Plaintiff's decisional authority either is cited to show that § 227(c)(5)(A) creates a private cause of action for claims similar to those alleged by Plaintiff, *Worsham v. Discount Power, Inc.*, Civil Action No. RDB-20-0008, 2022 WL 3100762 (D. Md. Aug. 4, 2022), or is cited for the uncontroverted proposition that an injunction should issue where an aggrieved party establishes that the applicable statutory conditions have been satisfied. *Henderson v. Burd*, 133 F. 2d 515 (2d Cir. 1943); *Bowles v. Swift & Co.*, 56 F. Supp. 679 (D. Del. 1944). But what none of these cases establish is that the "by or on behalf" language of § 227(c)(5) removes the requirement of a finding of vicarious liability to obtain injunctive relief under the TCPA.

held either directly or indirectly liable under the TCPA in this case under either § 227(b)(1) or § 227(c)(5).

Plaintiff's third and final argument is a repetition of his non-delegation doctrine argument, which the Court previously found without merit. Doc. No. 231, at 26-27. Plaintiff has not only failed to point to any legal authority suggesting that the non-delegation doctrine applies to this case, but his argument itself is contradictory, as he simultaneously asserts that the TCPA already incorporates vicarious liability while also arguing that the non-delegation doctrine mandates strict liability and/or an independent contractor theory of liability (a theory which Plaintiff never raised in his summary judgment filings). *See* Doc. No. 232, at 10-15. Plaintiff also now, for the first time, argues that the FCC rulings should be given no deference, even though he relied on them in his summary judgment reply brief. *Compare* Doc. No. 228, at 9-12, *with* Doc. No. 232, at 12-15. These arguments are unpersuasive and are not supported by any binding or persuasive authority. The Court's prior ruling rejecting application of the non-delegation doctrine stands.

## IV. CONCLUSION

As the Court explained in detail in the March 28, 2023 summary judgment order, Plaintiff has failed – based on the undisputed evidentiary record submitted (including the improperly incorporated materials) – to show as a matter of law that Defendants can be held directly or vicariously liable for the phone calls at issue in

this case. Doc. No. 231. Plaintiff's show cause response does nothing to change this determination. Doc. No. 232. As such, pursuant to Federal Rule of Civil Procedure 56(f), the Court finds that summary judgment is due to be granted in favor of Defendants and against Plaintiff as to all remaining claims.

The Clerk is therefore **DIRECTED** to enter judgment in favor of Defendants TSS Consulting Group, LLC and Marcos I. Tavares and against Plaintiff as to all remaining claims, terminate any and all pending motions, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2023.

*/s/ Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties